### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY ANN MICHAEL,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:04-1394 |
| V. | : | (KOSIK, D.J.) |
| | | (MANNION, M.J.) |
| **JO ANNE B. BARNHART, Commissioner of Social Security,** | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

The record in this action has been reviewed pursuant to 42 U.S.C. §§ 405(g) and 1383( c)(3) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Social Security Disability Insurance Benefits, ("DIB"), and Supplemental Security Income, ("SSI"), under Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§ 401-433, 1381-1383f.

Based upon a review of the record, it is recommended that the plaintiff's appeal from the decision of the Commissioner of Social Security, (Doc. No. 1), be **REMANDED**.

**I. Procedural Background**

The plaintiff filed her applications for benefits on February 20, 2003, in which she alleged that she had become disabled on January 14, 2003, due to constant pain in her leg and hands, difficulty walking, standing, sitting and

sleeping, diabetic neuropathy, high blood pressure, elevated cholesterol, migraine headaches, an ulcer, and arthritis. (TR. 13, 44, 81-90).

After her claims were denied, the plaintiff's applications eventually came on for a hearing before an administrative law judge, ("ALJ"), on February 23, 2004. The plaintiff was represented at her hearing before the ALJ by the same counsel who is representing her in the present action. In addition to the plaintiff's testimony, the ALJ heard the testimony of George Starosta, a vocational expert. Although the plaintiff's daughter appeared at the hearing, she did not testify. (TR. 12, 253-304).

On March 22, 2004, the ALJ issued a decision in which he found that the plaintiff met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216t(i) of the Social Security Act and was insured for benefits through the date of the ALJ's decision; that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; that the plaintiff's diabetic neuropathy, hypertension, and a history of migraine headaches were considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b), but that those medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4; the ALJ determined that the plaintiff's allegations regarding her limitations were not fully credible for the reasons set forth in the body of the ALJ's decision and that the plaintiff retained the following residual functional

2

capacity[1]: the plaintiff was limited to work where she was primarily seated, not walking long distances, and not standing and/or walking in combination more than two hours in an eight-hour workday; she can sit up to six hours in a work day, but she needs the option to change positions from sitting to standing; the plaintiff could occasionally lift ten pounds and frequently lift five pounds, but she could not use her upper extremities for activities that require forceful gripping and flexion.  The ALJ found that, because of her perception of pain, she was limited to unskilled work involving one or two steps; that the plaintiff was unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965); that the plaintiff was a "younger individual" (20 C.F.R.  §§ 404.1563 and 415.963); that the plaintiff had a "high school (or high school equivalent) education" (20 C.F.R. §§ 404.1564 and 416.964); and, that the plaintiff had no transferable skills from any past relevant work and/or transferability of skills was not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).  The ALJ further found that the plaintiff had the residual functional capacity to perform a significant range of sedentary work[2] (20

---

[1](a) General.  Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting.  Your residual functional capacity is what you can still do despite your limitations.  20 C.F.R. § 404.1545(a).

[2]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

C.F.R. §§ 404.1567 and 416.967) and that although the plaintiff's exertional limitations did not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.18 or 201.27 as a framework for decision-making, there were a significant number of jobs in the national economy that she could perform.  Examples of such jobs include work as a surveillance system monitor (500 in Northeastern Pennsylvania; 3,000 in Pennsylvania), an information clerk (450 in Northeastern Pennsylvania, 4,000 in Pennsylvania), and a call out operator (500 in Northeastern Pennsylvania, 6,000 in Pennsylvania).  Therefore, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).  (TR. 18).

The plaintiff filed a request for review of the ALJ's decision.  (TR. 7-8). On June 18, 2004, the Appeals Council concluded that there was no basis upon which to grant her request for review. (TR. 4-6). Thus, the ALJ's decision stood as the final decision of the Commissioner.

Currently pending before the court is the plaintiff's appeal of the decision of the Commissioner of Social Security filed on June 29, 2004.  (Doc. No. 1).

**II. Disability Determination Process**

---

carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

A five step process is required to determine if an applicant is disabled for purposes of social security disability insurance. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work. See 20 C.F.R. §§ 404. 1520, 416.920.

The instant action was ultimately decided at the fifth step of the process, when the ALJ concluded that considering the plaintiff's age, educational background, work experience, and residual functional capacity, she was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (TR. 17).

At issue is whether there exists substantial evidence to support the ALJ's determination.

### III. Evidence of Record

The plaintiff was born on November 12, 1958 and at the time of her disability hearing decision, was forty-five (45) years of age. (TR. 16, 44, 257). The plaintiff has a high school education and past relevant work including positions as a cleaner, clothing belter, cashier and an assembler. (TR. 12, 83, 88, 259).

The medical evidence of record establishes that the plaintiff was treated at the emergency room in January, 2003 and March, 2003 for abnormal blood sugar. In March, 2003, she had a reading of eighty (80) at 6:15 p.m. At 11:00 p.m., her blood sugar increased to one hundred fifty (150). (TR. 137-39, 140-42). Dr. Minaben Patel, the plaintiff's primary care physician noted in early 2003, that the plaintiff complained of weakness, being tired, and of pain in her knees and hands. (TR. 155). The plaintiff reported that she was unable to work because of too much stress in her life and pain in her hands. (TR. 155). Dr. Patel diagnosed the plaintiff with Type II diabetes mellitus and hypertension. (TR. 156). In February, 2003, he added Glucophage to her medicine regimen. (TR. 156). In March, 2003, Dr. Patel stated that the plaintiff was able to perform light duty work with no heavy lifting. (TR. 202). He noted that the plaintiff's blood sugar dipped to seventy (70), but recovered to one hundred ninety (190) on March 10, 2003. (TR. 196). In May, 2003, the plaintiff complained of aching pain in her hip and restlessness in her legs. The plaintiff also reported two episodes of hypoglycemia on May 8, 2003. (TR. 192).

In June, 2003, bilateral knee x-rays were normal. (TR. 181). Dr. P. Selvarayan, the plaintiff's treating physician, stated that the plaintiff was temporarily disabled from June, 2003 through December, 2003. (TR. 216-17). However, an MRI of the plaintiff's lumbar spine in July, 2003 was normal. (TR. 233).

Dr. Albert Janerich, a specialist in physical medicine and rehabilitation, sent the plaintiff for an EMG and nerve conduction study in July, 2003. This study showed a peripheral neuropathy likely related to her diabetes mellitus. In October, 2003, Dr. Janerich performed a physical examination which showed degenerative changes over the major weightbearing areas of the lumbar spine, hips and knees. (TR. 219). The plaintiff had distal atrophy, bilateral absent ankle reflexes, and her hand grasp was weak. (TR. 219). In November, 2003, Dr. Janerich noted that the plaintiff's monitoring diary showed that her sugars were between one hundred twenty (120) and two hundred (200) with only occasional spikes in the evening to over two hundred (200). (TR. 218). Another study in February, 2004, showed a left lumbar radiculopathy at an indeterminate level. (TR. 220-21).

**IV. Discussion**

In support of her appeal, the plaintiff presents two formal arguments. First, she argues that the ALJ erred in failing to give controlling weight to the medical opinions of plaintiff's treating physicians. Second, she argues that the ALJ erred in failing to take into consideration the combination of plaintiff's many physical and mental limitations. In addition to the arguments plaintiff advances in her statements of errors, she also alleges that the ALJ erred in finding that her subjective complaints were not totally credible. (Doc. 5, pp. 2, 5-7).

### A. *WHETHER THE ALJ ERRED IN FAILING TO GIVE CONTROLLING WEIGHT TO THE MEDICAL OPINIONS OF THE PLAINTIFF'S TREATING PHYSICIANS.*

The plaintiff argues that the ALJ should have accorded controlling weight to the opinions of her treating physicians. However, in her argument she only references one treating physician, Dr. Janerich. Dr. Janerich "recommended against work given the co-morbodities attendant to [plaintiff's] diabetes and her lower back pain." (TR. 222). Defendant acknowledges that Dr. Selvarayan also opined that the plaintiff was disabled, but argues that the opinions of the treating physicians were conclusory and therefore, not entitled to significant weight. (TR.15).

The ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(d). Although he must consider all medical opinions, the better an explanation a source provides for an opinion, particularly through medical signs and laboratory findings, the more weight the ALJ will give that opinion. 20 C.F.R. § 404.1527 (d). Automatic adoption of the opinion of the treating physician is not required. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

In Jones, 954 F.2d 125, the court held that, in the absence of contradictory medical evidence, an administrative law judge must accept the medical judgement of a treating physician. However, the court also noted that these opinions need not be accepted where they are conclusory and

unsupported by the medical evidence or where the opinions are contradicted by the opinions of other physicians, including state agency physicians, who reviewed the findings of the treating physicians and concluded that these findings do not reveal a condition that would preclude gainful employment.

In Williams v. Sullivan, 970 F.2d 1178 (3d Cir. 1992), the court noted that while the administrative law judge may not base a decision upon his own interpretations of the significance of medical data, this does not prevent the administrative law judge from weighing medical reports against an internal contradiction and other contradictory medical evidence.

It is true, as set forth by the defendant, that the ultimate issue of whether a claimant is able to work or is disabled has been reserved exclusively to the Commissioner. 20 C.F.R. § 404.1527(e), 416.927(e)(2004). Additionally, the ALJ has the authority to reject conflicting medical evidence. "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ has a duty to provide his reasoning as to which evidence he accepted and which he rejected. See Burnett v. Commissioner, 220 F.3d 112 (3d Cir. 2000). In Burnett, the Court of Appeals for the Third Circuit stated, "in making a residual functional capacity determination the ALJ must consider all evidence before him...although the ALJ may weight the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for

discounting such evidence...In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Id. at 121.  Here, the ALJ provided no such rationale.

Dr. Selvarayan indicated that the plaintiff was temporarily disabled from June through December of 2003.  However, this opinion does not support a finding of permanent disability because the law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which had lasted or can be expected to last for a continuous period of not less than 12 months.  20 C.F.R. § 404.1505(a).  It is clear that Dr. Selvarayan did not expect the plaintiff's impairments to last for the requisite amount of time to be considered disabled under the Act.  Therefore, Dr. Selvarayan's opinion does not support a finding that the plaintiff is disabled.

The ALJ summarized the medical evidence, including the reports of Dr. Patel, Dr. Selvarayan and Dr. Janerich, but he never discussed why certain pieces of evidence were more deserving of weight than others.  The ALJ did not even mention Dr. Janerich's opinion that the plaintiff should not work due to her diabetes and low back pain.  At a minimum, the ALJ should have acknowledged this opinion and discussed why it was not deserving of controlling weight. It is impossible to ascertain, from the ALJ's decision, which medical opinions were given controlling weight.  Although he addressed the reports of the plaintiff's treating physicians, he provided no indication as to

which portion of the reports were accepted and which were rejected. Therefore, this issue should be remanded so that the ALJ may provide clarification as to which evidence was awarded controlling weight.

In association with her argument that the ALJ failed to accord proper weight to the opinions of the treating physicians, the plaintiff also argues that her subjective complaints were supported by the opinion of Dr. Janerich and therefore, should not have been disregarded by the ALJ. Plaintiff alleges that the ALJ made no credibility determination in this case relative to the side effects of her medications and her inability to sleep from pain. (Doc. 5.pp.2,5). Defendant argues that the ALJ did make a credibility determination and that his findings were supported by substantial evidence and entitled to significant deference.

The Social Security Regulations provide a framework under which a plaintiff's subjective complaints are to be considered. 20 C.F.R. §404.1529. First, symptoms, such as pain, shortness of breath, fatigue, *et cetera,* will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings. 20 C.F.R. §40431529(b). Once a medically determinable impairment which results in such symptoms is found to exist, the Commissioner must evaluate the intensity and persistence of such symptoms to determine their impact on the claimant's ability to work. 20 C.F.R. §404.1529(b). In so doing, the medical

11

evidence of record is considered along with the claimant's statements.  20 C.F.R. §404.1529(b).  Social Security Ruling 96-7 gives the following instruction in evaluating the credibility of the claimant's statements regarding her symptoms:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

SSR 96-7p.  "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.' Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997); see also Cassias v. Secretary of Health & Human Services., 933 F.2d 799, 801 (10th Cir. 1991) ('We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility,')." Frazier v. Apfel, 2000 WL 288246 (E.D.Pa. March 7, 2000).

In the portion of his decision in which he specifically addressed the credibility of the plaintiff's statements, the ALJ did not specifically address the plaintiff's complaints regarding an inability to sleep because of pain or side effects of medication.  However, the ALJ summarized the plaintiff's testimony and then proceeded to state that the plaintiff's testimony "cannot be deemed

to be credible." (TR. 15). Additionally, the ALJ found that the objective medical evidence did not support plaintiff's allegation that she had fourteen episodes of hypoglycemia in one year. Her doctors' records did not document these events and her own monitoring records did not establish fourteen episodes of hypoglycemia. (TR.130-36). The ALJ determined that the monitoring diary showed no morning lows (below 70), and only a few scores between 71 and 85. Such occasions appeared to be before the evening meal. The ALJ noted that the remedy for a low score is to ingest food or adjust the medications taken. There were no indications in the recent medical records that the plaintiff's gastroenterologist was concerned about low glucose levels. Furthermore, the plaintiff's diabetes mellitus, hypertension and glaucoma were being well managed by medication. Impairments that are controlled or amenable to treatment do not support a finding of disability. Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

The plaintiff did not undergo any aggressive treatment for migraine headaches. In fact, she testified that she has only taken over the counter medication for her migraines and, although she claimed they did not provide her relief, she did not complain to her doctors about her migraines stating, "at that point I was more worried about my legs." (TR. 272). If her migraines were not severe enough to warrant informing her doctors, than it is unlikely that they were severe enough to prevent her from engaging in substantial gainful activity.

The plaintiff's assertion that the ALJ did not make a credibility determination is unfounded. The ALJ adequately assessed the credibility of the plaintiff's subjective complaints and his assessment is supported by substantial evidence. However, it is recommended that this case be remanded so that the ALJ may provide his rationale for rejecting Dr. Janerich's opinion. If, on remand, the ALJ determines that Dr. Janerich's opinion is deserving of more weight, it may impact the ALJ's credibility assessment. Therefore, the issue may need to be revisited on remand if it is determined that Dr. Janerich's opinion should be given more deference.

**B.   *WHETHER THE ALJ FAILED TO CONSIDER THE COMBINED IMPACT OF PLAINTIFF'S PHYSICAL AND MENTAL LIMITATIONS.***

In her statement of errors, the plaintiff argues that the ALJ failed to consider her impairments in combination. However, the plaintiff does not, at any point in her brief, advance an argument in support of this position. We agree with the defendant that "plaintiff's enumeration of an error that she does not even attempt to explain or support with citations from the record is not sufficient to preserve this issue for argument before the court." (Doc. 6, p.11). Laborers' Int'l Union of N.A. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (noting that a passing reference to an issue in an opening brief will not suffice to bring that issue before a court); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting with approval the general principle that a party must

both raise the issue in the statement of issues and pursue it in the argument section of his brief to assure consideration of the issue by a court).

The plaintiff failed to adequately ensure consideration of this issue by the court.  However, it should be noted that if this issue were under proper consideration, we would find that the ALJ adequately considered the plaintiff's impairments individually and in combination.  The ALJ noted that the plaintiff was diagnosed with diabetic neuropathy, hypertension, and a history of migraine headaches, impairments that are severe within the meaning of the Regulations, but not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No.4.

We agree with the defendant that the ALJ's decision demonstrates that she considered plaintiff's impairments in combination at each step of the sequential evaluation process. See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1991) (holding that an ALJ has properly considered impairments in combination where he discussed each impairment separately and then found that claimant's "impairments" [plural] did not prevent him from performing his past relevant work).  Requiring more elaborate articulation of the ALJ's thought processes would not be reasonable.  See Gooch v. Sec. of Health and Human Servs., 833 F.2d 589, 592 (6th Cir. 1987).  The ALJ found that the plaintiff's impairments were not severe enough to equal a listed impairment "either singly or in combination." (TR.14).  In reciting plaintiff's complaints and

15

the objective medical evidence of record, the ALJ considered both plaintiff's severe and non-severe impairments. (TR. 14-15). Finally, in his assessment of the plaintiff's RFC, the ALJ included limitations that would accommodate all of plaintiff's severe impairments, including limitations resulting from plaintiff's perception of pain.  (TR. 16).

The ALJ found that the plaintiff had significant limitations due to her combination of impairments. (TR. 14-16). In particular, the ALJ determined that she would be limited to unskilled one to two-step work that generally involved sitting, did not require walking long distances, and involved standing or walking no more than two hours per day. (TR. 16). She could lift only up to ten pounds occasionally and five pounds frequently and could not use her arms for forceful gripping or flexion. (TR. 16). The vocational expert ("VE") testified that a hypothetical individual with plaintiff's background and these limitations could make a vocational adjustment to other work, and that a significant number of jobs existed in the national economy that the individual would be capable of performing. (TR. 300-01).

The Third Circuit has held, with respect to hypothetical questions posed to vocational experts, that "[w]hile the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." Podedworny v.

Harris, 745 F.2d 210, 218 (3d Cir. 1984).  A hypothetical question posed to a vocational expert "must reflect *all* of a claimant's impairments." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (emphasis added). In Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002), the Third Circuit stated that "[w]here there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." (citations omitted). When an ALJ's hypothetical question to the vocational expert sets forth the plaintiff's limitations as supported by the record, the vocational expert's testimony may be accepted as substantial evidence in support of the ALJ's determination that the plaintiff is not disabled. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

The plaintiff does not challenge the adequacy of the hypothetical questions posed to the VE at the hearing.  Regardless, we find that the hypothetical question posed to the VE sufficiently represented all of plaintiff's limitations that were supported by the record.  Accordingly, we find that the VE"s testimony serves as substantial evidence that the plaintiff is capable of engaging in substantial gainful activity. However, as with the ALJ's credibility assessment, if it is determined that Dr. Janerich's opinion is deserving of more weight, it may be determined that the limitations presented to the VE were not sufficient.  Therefore, this issue should be revisited on remand if it is determined that the plaintiff suffers from additional limitations.

## V. Conclusion

On the basis of the foregoing, it is recommended that the plaintiff's appeal of the decision of the Commissioner of Social Security, **(Doc. No. 1)**, be **REMANDED** for further consideration, consistent with this report.

**s/ Malachy E. Mannion**

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** April 1, 2005

O:\shared\REPORTS\2004 Reports\04-1394.wpd